UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JAVIER FLORES, MICHAEL A.
SANCHEZ, and PATRICE REMBERT,

    Plaintiffs,

vs.

FOREVER PROPANE SALES & SERVICE,
INC. a Florida for-profit corporation; and
MANUEL C. ROSADO, individually,

    Defendants.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiffs JAVIER FLORES ("FLORES"), MICHAEL A. SANCHEZ ("SANCHEZ"), and PATRICE REMBERT ("REMBERT"), through undersigned counsel, sue Defendants FOREVER PROPANE SALES & SERVICE, INC., a Florida for-profit corporation ("FPSS"), and MANUEL A. ROSADO, individually ("ROSADO"), and allege as follows:

1. This is an action for unlawful failure to pay overtime compensation as required by the federal Fair Labor Standards Act, 29 U.S.C. §207(a) ("FLSA"), and its implementing regulations.

2. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the FLSA, 29 U.S.C. §216(b).

3. Venue is proper in this Court as all actions complained of herein occurred in the Southern District of Florida.

4. Plaintiffs at all relevant times were, and still are, residents of Broward County, Florida, and are *sui juris*.

5. Defendant FPSS is, and at all relevant times was, a Florida for-profit corporation authorized to do business, and doing business in Broward County, Florida. FPSS is, and at all relevant times was, a seller and provider of propane gas for residential and commercial use that used, purchased, and sold materials and goods in interstate commerce, and had annual gross revenues in excess of $500,000.00.

6. Upon information and belief, Defendant ROSADO is, and at all relevant times has been, a resident of Broward County, Florida, and is *sui juris*. At all relevant times, ROSADO was and still is an owner, operator, and the President of FPSS, was and still is an agent of FPSS, acted in the course and scope of his employment and agency as owner, operator, and the President of FPSS with regard to Plaintiffs, and oversaw, supervised, and controlled the day-to-day operations of FPSS.

7. At all relevant times FPSS was and still is an "employer" under the FLSA for purposes of enterprise coverage in that it was an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and had gross annual revenues of not less than $500,000.00. In addition, ROSADO was at all relevant times, and still is, a statutory "employer" under the FLSA in that he acted, directly or indirectly, on behalf of FPSS in relation to Plaintiff, and regularly exercised authority to hire and fire employees of FPSS, determined the work schedules of employees of FPSS, set the rates of pay and compensation for employees of FPSS, controlled the finances and operations of FPSS, and oversaw, supervised, and controlled the day-to-day operations of FPSS.

8. At all times during their employment with Defendants, Plaintiffs were non-exempt employees who regularly worked over 40 hours in one or more work weeks.

9. Plaintiff FLORES was employed by Defendants from on or about June 5, 2013 until on or about May 27, 2016. From on or about June 5, 2013 until on or about February 1, 2015, FLORES was paid a regular hourly rate of $15.00; from on or about February 1, 2015 until on or about November 1, 2015, his regular hourly rate was $16.00; and from on or about November 1, 2015 until his employment terminated his regular hourly rate was $18.00.

10. Plaintiff SANCHEZ was employed by Defendants from January 2012 until on or about March 28, 2016. From January 2012 until June 1, 2015 his regular hourly rate was $12.00, and from June 1, 2015 until his employment terminated his regular hourly rate was $13.00.

11. Plaintiff REMBERT was employed by Defendants from January 2016 until on or about May 27, 2016, and was paid a regular hourly rate of $17.00.

12. Throughout their respective periods of employment, Plaintiffs regularly worked more than 40 hours in one or more of the work weeks they worked.

13. While Plaintiffs kept and maintained some of their pay and time records, the complete records of the compensation actually paid to Plaintiffs are currently in the possession, custody, and control of Defendants. Upon information and belief, however, Defendants have failed to keep and maintain all the required records of hours worked and wages paid per the record-keeping requirements of the FLSA.

14. All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

15. Plaintiff has hired the undersigned law firm to represent him in this case and has agreed to pay the firm a reasonable fee for its services.

## **COUNT I – UNPAID OVERTIME VIOLATION OF FLSA (FLORES)**

16. Plaintiff FLORES re-alleges paragraphs 1 through 15 as if set forth fully herein.

17. Under the FLSA, Defendants were obligated to pay FLORES time and one-half of his regular hourly pay rate for all hours worked in excess of 40 hours per work week. FLORES worked in excess of 40 hours per work week in one or more weeks, was paid on a daily rate basis, and was not paid the extra time and one-half his regular hourly rate for any of the overtime hours he worked, as required by the FLSA.

15. Defendants have failed and refused to pay FLORES the required extra time and one-half his regular hourly rate for each work week in which he worked overtime hours in excess of 40 hours per work week, in violation of the FLSA overtime requirements of 29 U.S.C. §207(a).

16. As a direct and proximate result of Defendants' violations of the FLSA, FLORES has suffered damages equal to the time and one-half his regular hourly rates for all hours worked in excess of 40 hours per work week, plus double that amount in liquidated damages as provided by the FLSA. FLORES estimates on average that he worked approximately 25 hours of overtime each work week over the approximate 127 weeks during the three-year period immediately preceding the filing of this lawsuit. For the period of November 16, 2013 through on or about February 1, 2015, comprising of approximately 61 work weeks, FLORES was not paid estimated overtime compensation of $34,312.50, based on an overtime rate of $22.50 per hour for an estimated 1,525 overtime hours. For the period February 1, 2015 through on or about November 1, 2015, FLORES was not paid estimated overtime compensation of $22,800.00, based on an overtime rate of $24.00 per hour for an estimated 950 overtime hours. And for the period November 1, 2015 through May 27, 2016, FLORES was not paid estimated overtime

compensation of $18,900.00, based on an overtime rate of $27.50 per hour for an estimated 700 overtime hours.  FLORES' total estimated unpaid overtime compensation and damages is thus $55,492.50, plus liquidated damages of an equal amount as provided by the FLSA.

17. Defendants engaged in their overtime pay violations under the FLSA willfully, intentionally, and in reckless disregard of FLORES' rights under the law.

18. FLORES is also entitled to recover his costs, expenses, and reasonable attorney's fees under the FLSA.

19. At all relevant times, Defendants were aware that their non-exempt employees such as FLORES were required to be paid time and one-half their regular hourly rate for all hours worked in excess of 40 in a work week.  Defendants were also fully aware that the FLSA imposed certain record keeping requirements on them with regard to keeping track of the time each employee worked each work day and each work week.  Despite this knowledge, Defendants failed to comply with their FLSA record keeping obligations, and failed to pay FLORES any overtime as required by the FLSA.  Defendants thus acted willfully in connection with their failure and refusal to pay FLORES any overtime he worked, entitling FLORES to recover his unpaid overtime for a period of three (3) years preceding this filing of this lawsuit and also recover full liquidated damages as provided by the FLSA.

WHEREFORE, FLORES demands judgment against Defendants, jointly and severally, for the following relief:

1. A declaration that Defendants are in willful violation of the FLSA by failing to pay FLORES all due overtime compensation for a period covering three (3) years preceding the filing of this lawsuit;

2. An award to FLORES of all unpaid overtime as required under the FLSA,

3. An award to FLORES of liquidated damages equal in amount to the unpaid overtime award,

4. An award to FLORES of all costs, expenses, and reasonable attorney's fees incurred in this case, and

5. Such further relief as the Court deems just and equitable.

**COUNT II – UNPAID OVERTIME VIOLATION OF FLSA (SANCHEZ)**

20. Plaintiff SANCHEZ re-alleges paragraphs 1 through 15 as if set forth fully herein.

21. Under the FLSA, Defendants were obligated to pay SANCHEZ time and one-half of his regular hourly pay rate for all hours worked in excess of 40 hours per work week. SANCHEZ worked in excess of 40 hours per work week in one or more weeks, was paid on a daily rate basis, and was not paid the extra time and one-half his regular hourly rate for any of the overtime hours he worked, as required by the FLSA.

22. Defendants have failed and refused to pay SANCHEZ the required extra time and one-half his regular hourly rate for each work week in which he worked overtime hours in excess of 40 hours per work week, in violation of the FLSA overtime requirements of 29 U.S.C. §207(a).

23. As a direct and proximate result of Defendants' violations of the FLSA, SANCHEZ has suffered damages equal to the time and one-half his regular hourly rates for all hours worked in excess of 40 hours per work week, plus double that amount in liquidated damages as provided by the FLSA. SANCHEZ estimates that he worked overtime on approximately 121 work weeks during the three-year period immediately preceding the filing of this lawsuit, and estimates that he worked approximately 20 hours of overtime each week. For the period of November 16, 2013 through on or about June 1, 2015, comprising of approximately

78 work weeks, SANCHEZ was not paid estimated overtime compensation of $28,080.00, based on an overtime rate of $18.00 per hour for an estimated 1,560 overtime hours. For the period June 1, 2015 through on or about March 28, 2016, SANCHEZ was not paid estimated overtime compensation of $16,770.00, based on an overtime rate of $19.50 per hour for an estimated 860 overtime hours. SANCHEZ's total estimated unpaid overtime compensation and damages is thus $44,850.00, plus liquidated damages of an equal amount as provided by the FLSA.

24. Defendants engaged in their overtime pay violations under the FLSA willfully, intentionally, and in reckless disregard of SANCHEZ's rights under the law.

25. SANCHEZ is also entitled to recover his costs, expenses, and reasonable attorney's fees under the FLSA.

26. At all relevant times, Defendants were aware that their non-exempt employees such as SANCHEZ were required to be paid time and one-half their regular hourly rate for all hours worked in excess of 40 in a work week. Defendants were also fully aware that the FLSA imposed certain record keeping requirements on them with regard to keeping track of the time each employee worked each work day and each work week. Despite this knowledge, Defendants failed to comply with their FLSA record keeping obligations, and failed to pay SANCHEZ any overtime as required by the FLSA. Defendants thus acted willfully in connection with their failure and refusal to pay SANCHEZ any overtime he worked, entitling SANCHEZ to recover his unpaid overtime for a period of three (3) years preceding this filing of this lawsuit and also recover full liquidated damages as provided by the FLSA.

WHEREFORE, SANCHEZ demands judgment against Defendants, jointly and severally, for the following relief:

1. A declaration that Defendants are in willful violation of the FLSA by failing to pay SANCHEZ all due overtime compensation for a period covering three (3) years preceding the filing of this lawsuit;

2. An award to SANCHEZ of all unpaid overtime as required under the FLSA,

3. An award to SANCHEZ of liquidated damages equal in amount to the unpaid overtime award,

4. An award to SANCHEZ of all costs, expenses, and reasonable attorney's fees incurred in this case, and

5. Such further relief as the Court deems just and equitable.

### COUNT III – UNPAID OVERTIME VIOLATION OF FLSA (REMBERT)

27. Plaintiff REMBERT re-alleges paragraphs 1 through 15 as if set forth fully herein.

28. Under the FLSA, Defendants were obligated to pay REMBERT time and one-half of his regular hourly pay rate for all hours worked in excess of 40 hours per work week. REMBERT worked in excess of 40 hours per work week in one or more weeks, was paid on a daily rate basis, and was not paid the extra time and one-half his regular hourly rate for any of the overtime hours he worked, as required by the FLSA.

29. Defendants have failed and refused to pay REMBERT the required extra time and one-half his regular hourly rate for each work week in which he worked overtime hours in excess of 40 hours per work week, in violation of the FLSA overtime requirements of 29 U.S.C. §207(a).

30. As a direct and proximate result of Defendants' violations of the FLSA, REMBERT has suffered damages equal to the time and one-half her regular hourly rates for all

hours worked in excess of 40 hours per work week, plus double that amount in liquidated damages as provided by the FLSA. REMBERT estimates that she worked overtime on approximately 21 work weeks during the three-year period immediately preceding the filing of this lawsuit, and estimates that she worked approximately 25 hours of overtime each week. For the period of her employment, between on or about January 1, 2016 through on or about May 27, 2016, comprising of approximately 21 work weeks, REMBERT was not paid estimated overtime compensation of $13,387.50, based on an overtime rate of $25.50 per hour for an estimated 525 overtime hours. REMBERT's total estimated unpaid overtime compensation and damages is thus $13,387.50, plus liquidated damages of an equal amount as provided by the FLSA.

31.  Defendants engaged in their overtime pay violations under the FLSA willfully, intentionally, and in reckless disregard of REMBERT's rights under the law.

32.  REMBERT is also entitled to recover her costs, expenses, and reasonable attorney's fees under the FLSA.

33.  At all relevant times, Defendants were aware that their non-exempt employees such as REMBERT were required to be paid time and one-half their regular hourly rate for all hours worked in excess of 40 in a work week. Defendants were also fully aware that the FLSA imposed certain record keeping requirements on them with regard to keeping track of the time each employee worked each work day and each work week. Despite this knowledge, Defendants failed to comply with their FLSA record keeping obligations, and failed to pay REMBERT any overtime as required by the FLSA. Defendants thus acted willfully in connection with their failure and refusal to pay REMBERT any overtime she worked, entitling REMBERT to recover his unpaid overtime for a period of three (3) years preceding this filing of this lawsuit and also recover full liquidated damages as provided by the FLSA.

WHEREFORE, SANCHEZ demands judgment against Defendants, jointly and severally, for the following relief:

1.  A declaration that Defendants are in willful violation of the FLSA by failing to pay REMBERT all due overtime compensation for a period covering three (3) years preceding the filing of this lawsuit;

2.  An award to REMBERT of all unpaid overtime as required under the FLSA,

3.  An award to REMBERT of liquidated damages equal in amount to the unpaid overtime award,

4.  An award to REMBERT of all costs, expenses, and reasonable attorney's fees incurred in this case, and

5.  Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

DATED:  November 16, 2016.

        RODERICK V. HANNAH, ESQ., P.A.
        Attorneys for Plaintiff
        8751 W. Broward Blvd., Ste. 303
        Plantation, Florida 33324
        Telephone:  (954) 362-3800
        Facsimile:   (954) 362-3779
        Email:  rhannah@rhannahlaw.com

        By    /s/ *Roderick V. Hannah*
            Roderick V. Hannah
            Fla. Bar No. 435384