**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:  16-62701-CIV-ZLOCH

JAVIER FLORES, MICHAEL A.
SANCHEZ, and PATRICE REMBERT,

               Plaintiffs,

vs.

FOREVER PROPANE SALES & SERVICE,
INC. a Florida for-profit corporation; and
MANUEL C. ROSADO, individually,

               Defendants.

_____/

**DEFENDANT'S UNOPPOSED MOTION TO FILE CONFIDENTIAL SETTLEMENT
AGREEMENT UNDER SEAL AND INCORPORATED MEMORANDUM OF LAW**

Defendants, FOREVER PROPANE SALES & SERVICE, INC. ("Forever Propane"), and MANUEL C. ROSADO (collectively hereinafter referred to as "Defendants"), pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Southern District of Florida Local 5.4, hereby files this Unopposed Motion to File Confidential Settlement Agreement under Seal and Incorporated Memorandum of Law and in support thereof states as follows:

1.     On November 16, 2017, Plaintiffs filed their Complaint and Jury Trial Demand [ECF No.1] against Defendants for the latter's alleged failure to comply with the Fair Labor Standards Act, 29 U.S.C. §207(a). Defendants responded thereto and raised certain defenses. [*See* ECF No. 15].

2.     In an attempt to resolve the pending issues, the parties attended and participated in good faith in a mediation that resulted in a settlement.  The terms of the settlement were memorialized in a confidential settlement agreement ("Confidential

Agreement") that was finalized and fully executed by the parties on or about April 27, 2017.

3.      The Confidential Agreement is subject to this Court's approval. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

4.      While there is a general policy in favor of public filings, a "party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information. *Romero v. Drummond Co.,* 480 F.3d 1234, 1246 (11th Cir. 2007).

5.      In weighing the extent of the public interest, the court should consider "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

6.      In the present case, Forever Propane is a small business primarily involved in the sale and servicing of certain propane tanks and related equipment. Public access to the terms of the Confidential Agreement would be damaging to both the business's reputation and may result in an influx of potentially meritless lawsuits from current and former employees. An influx of such lawsuits would result in the Defendants expending time and financial resources that would be better directed to meeting the terms of the Confidential Agreement.

7.      Furthermore, the confidential nature of the settlement agreement was a key inducement and consideration for the parties' entry into the Confidential Agreement.

8.      By way of this Motion, Defendants request that this Honorable Court permanently restrict public access to the Confidential Agreement and the accompanying motion to approve same or in the alternative, restrict access thereto for one (1) year.

9.      Defendants certify that they have conferred in good faith with Plaintiffs regarding this Motion and the requested relief and Plaintiffs are not opposed to the entry of an order so granting.

**WHEREFORE**, Defendants respectfully request that this Honorable Court enter an order [1] Granting this Motion; [2] Permanently restrict public access to the Confidential Settlement Agreement entered into by the parties on or before April 27, 2017, and the accompanying motion to approve; [3] Or in the alternative, restrict access Confidential Settlement Agreement entered into by the parties on or before April 27, 2017, and the accompanying motion to approve for one (1) year; and, [4] further granting any other relief deemed necessary and just.

Date:  May 5, 2017.

Respectfully submitted,

*/s/ Yanique Johnson*
Yanique Johnson, Esq.
Florida Bar No. 63939

MOFFA & BREUER, PLLC
Attorneys for Defendants
1776 North Pine Island Road, Suite 102
Plantation, Florida  33322-5223
Telephone:   (954) 634-4733
Facsimile:    (954) 337-0637
Email :       Allusers@moffa.law
                   Yanique@moffa.law

## <u>SERVICE LIST</u>
## <u>Case No.: 16-62701-CIV-ZLOCH</u>

Yanique Johnson
Yanique Johnson, Esq.
MOFFA & BREUER, PLLC
1776 North Pine Island Road, Suite 102
Plantation, Florida 33322
Telephone:  (954) 634-4733
Facsimile:   (954) 337-0637
Email :        Allusers@moffa.law
                    Yanique@moffa.law


Roderick V. Hannah
Roderick V. Hannah, Esq.
RODERICK V. HANNAH, ESQ., P.A.
8751 W. Broward Blvd., Ste. 303
Plantation, Florida 33324
Telephone: (954) 362-3800
Facsimile: (954) 362-3779
E-mail:  rhannah@rhannahlaw.com